1  Jihee Ahn, SBN 292659
**BAKER & HOSTETLER LLP**
2  11601 Wilshire Boulevard, Suite 1400
Los Angeles, CA  90025-0509
3  Telephone:  310.820.8800
Facsimile:   310.820.8859
4  Email:      jahn@bakerlaw.com

*Attorneys for Petitioner*
SHAREEFAH KHALED ALGHANIM



UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE SHAREEFAH KHALED ALGHANIM,<br><br>Petitioner. | Case No.: CV 18 80018 MISC. JCS<br><br>***EX PARTE* APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 TO CONDUCT DISCOVERY FOR USE IN A FOREIGN PROCEEDING** |

Petitioner, Shareefah Khaled Alghanim, respectfully asks this Court to grant the Order attached as Exhibit "A" to this Application, which grants Petitioner leave, pursuant to 28 U.S.C. § 1782 and Rules 26 and 45 of the Federal Rules of Civil Procedure, to serve upon Internet Escrow Services, Inc. ("IES"), the subpoena attached as Exhibit "B" to this Application.

The requested relief is necessary for the purpose of obtaining limited, but necessary, discovery in connection with a proceeding currently pending before the British Virgin Islands Commercial Court (the "BVI Proceeding"). The BVI Proceedings involve Future Media Architects, Inc. ("FMA"), a BVI based company for which Petitioner is secretary, vice-president, and a fifty-percent shareholder. Based upon the concurrently filed Declaration of the Petitioner Shareefah Khaled Alghanim and the accompanying Memorandum of Law to this Application, the Court should grant this Application *ex parte*. Although Petitioner requests *ex parte* relief, Petitioner **does not request** that this matter be sealed by the Court.

IES is the entity to be subpoenaed for documents which, as set forth in more detail below and in the accompanying Memorandum of Law, Petitioner seeks for use in the BVI Proceeding. Petitioner believes that the documents sought will further the BVI Proceeding by assisting the Petitioner to trace and recover assets due to her from the sale of FMA assets, a process undertaken with the knowledge and approval of the BVI Commercial Court.

A.   **The BVI Proceeding.**

Petitioner and her brother, Thunayan Khaled Alghanim ("Thunayan"), are each fifty-percent shareholders of FMA, which is among the world's largest holders of internet domain names. In 2012, FMA's assets were valued at over $57 million. Following several years of mismanagement by her brother, occasioned by a serious drug and alcohol problem, Petitioner petitioned the BVI court to, *inter alia*, appoint a receiver over FMA's assets. Her petition was granted on October 17, 2013.

In 2014, Petitioner and Thunayan agreed to hold the BVI receivership in abeyance while professional persons set about selling certain of FMA's assets. Over Petitioner's objection, Thunayan opened an account with Citibank, N.A. (the "Citibank Account") in the United States for the purpose of depositing proceeds from the sale of FMA's domain names. The sale of FMA assets generated more than $24 million in revenue, but Petitioner has received only a fraction of that amount (approximately $9 million), notwithstanding her 50% interest in the company (and several outstanding loans she made to FMA). Since January 28, 2016, Thunayan has stopped sending Petitioner reports regarding the sale of FMA assets.

Thunayan has made it impossible for Petitioner to value the company and protect its company's assets. Moreover, Petitioner is unable to determine the amounts properly due to her from the sale of FMA assets.

### B.  Previous § 1782 Application and Internet Escrow Services.

Petitioner previously commenced an action, pursuant to 28 U.S.C. § 1782, to obtain documents from Citibank, N.A., in an attempt to obtain more information about the finances of FMA in aid of the BVI proceedings. That application was granted by the Southern District of Florida on May 2, 2017, and a copy of such order is included with the materials filed in support of this Application.[1] *See In re Alghanim*, Case No. 1:17-mc-21611-UU (S.D. Fla. May 2, 2017). Among other things, the documents produced from the Citibank subpoena show that there were several wire transfers into a FMA Citibank Account from Internet Escrow Services, Inc. Accordingly, Petitioner seeks discovery from IES in aid of the BVI Proceeding.

/ / /

/ / /

/ / /

---

[1] The May 2, 2017 order is attached as Exhibit C to this Application.

**C.     The Documents Sought.**

Petitioner seeks the following documents from Internet Escrow Services, Inc., from January 1, 2013 until the present date:

1. All unredacted transactions, including, but not limited to, incoming and outgoing transactions under the following usernames:

    a.   Elequa
    b.   FMA LLC
    c.   FMA Inc.
    d.   Thunayan
    e.   Thunayan Al-Ghanim
    f.   DNS-ADMIN
    g.   DNSADMIN

2. All documents sufficient to identify any transacting bank(s) information, including, without limitation, the number of users on each account and incoming and outgoing wire transactions details.

3. A list or documentation showing all domain names sold, the price sold for, the buyer and seller of each domain name sold, and all brokering agent information.

4. All communications, including email communications, with and between the above listed usernames in C.1.a. – C.1.g. and DomainNameSales, elequa@gmail.com, dns-admin@fma.net, UniRegistry, Akin Gump Strauss Hauer & Feld LLP and Jeffrey Gabriel.

**D.     Petitioner's Application Should be Granted.**

Petitioner meets all of the statutory criteria for the issuance of an order allowing the requested discovery under 28 U.S.C. § 1782. IES is located in this district, at 180 Montgomery Street, Suite 650, San Francisco, California, and the Petitioner, a 50% owner of FMA who successfully petitioned the BVI courts to place FMA into receivership in the BVI, seeks to use the documents in that

proceeding. The documents sought from IES are relevant to locating the FMA's assets and protecting Petitioner's ownership interests. Moreover, as set forth in the Memorandum of Law filed concurrently herewith, all the discretionary factors that this Court may consider likewise favor granting this *ex parte* application. *See Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264-65 (2004) (describing discretionary factors).

Accordingly, Petitioner respectfully requests that the Court (a) grant the *Ex Parte* Application for an Order to Conduct Discovery in a Foreign Proceeding; (b) enter the Proposed Order attached to this Application as Exhibit "A," (c) grant Petitioner leave, pursuant to 28 U.S.C. § 1782, to serve the subpoena attached to this Application as Exhibit "B"; and (d) grant any and all other further relief to Petitioner as deemed just and proper.

Respectfully submitted,

Dated: January 24, 2018        **BAKER & HOSTETLER LLP**

By: /s/ Jihee Ahn
    Jihee Ahn

*Attorneys for Petitioner*
SHAREEFAH KHALED ALGHANIM

# EXHIBIT A

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE SHAREEFAH KHALED ALGHANIM,<br><br>Petitioner. | Case No.:<br><br>**[PROPOSED] ORDER GRANTING *EX PARTE* APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 TO CONDUCT DISCOVERY FOR USE IN A FOREIGN PROCEEDING** |

1

[PROPOSED] ORDER GRAINTING *EX PARTE* APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 TO CONDUCT DISCOVERY FOR USE IN A FOREIGN PROCEEDING

This case comes before the Court on the *Ex Parte* Application for an Order to Conduct Discovery for use in a Foreign Proceeding Pursuant to 28 U.S.C. § 1782, filed by Petitioner Shareefah Khaled Alghanim (the "Application"). This Court, having reviewed the Application, the Memorandum of Law in Support thereof, the Declaration of Ms. Alghanim and the exhibits thereto, and the proposed subpoena, finds that (1) the statutory requirements of 28 U.S.C. § 1782 are satisfied; and (2) the factors identified by the United States Supreme Court in *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241 (2004), weigh in favor of granting Petitioner's Application.

It is therefore ORDERED that Petitioner is granted leave to serve the subpoena attached as Exhibit B to the Application on Internet Escrow Services, Inc.

IT IS SO ORDERED.

Dated: _____, 2018.

_____
UNITED STATES DISTRICT JUDGE

# EXHIBIT B

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
NORTHERN DISTRICT OF CALIFORNIA

| IN RE SHAREEFAH KHALED ALGHANIM | ) | |
|---|---|---|
| *Petitioner* | ) | |
| | ) | Civil Action No. |
| | ) | |
| | ) | |
| | ) | |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Internet Escrow Services, Inc., 180 Montgomery Street, Suite 650, San Francisco, CA

*(Name of person to whom this subpoena is directed)*

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached Exhibit A.

| Place: | Date and Time:<br>Within 30 days after service |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: January 23, 2018

    *CLERK OF COURT*
                OR
                   /s/ Jihee Ahn
_____  _____
*Signature of Clerk or Deputy Clerk*      *Attorney's signature*
                   Jihee Ahn

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
Shareefah Khaled Alghanim_____, who issues or requests this subpoena, are:

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).



AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:



AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
     (i) is a party or a party's officer; or
     (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
   (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
   (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
   (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     (i) fails to allow a reasonable time to comply;
     (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
     (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     (iv) subjects a person to undue burden.
   (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     (i) disclosing a trade secret or other confidential research, development, or commercial information; or
     (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
   (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     (i) expressly make the claim; and
     (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

---

American LegalNet, Inc.
www.FormsWorkFlow.com

EXHIIBT A TO SUBPOENA

## **DEFINITIONS**

The word "document(s)" includes all "writings," "recordings," and "photographs," as those terms are defined in Rule 1001 of the Federal Rules of Evidence, and should be construed in the broadest sense permissible. Accordingly, "document(s)" includes, but is not limited to, all written, printed, recorded or graphic matter, photographic matter, sound reproductions, or other retrievable data (whether recorded, taped, or coded electrostatically, electromagnetically, optically or otherwise on hard drive, diskette, compact disk, primary or backup tape, audio tape or video tape) from whatever source derived and however and by whomever prepared, produced, reproduced, disseminated or made. Without limiting the generality of the foregoing, "document(s)" includes the original and any non-identical copy and also every draft and proposed draft of all correspondence, internal memoranda, notes of meetings, telegrams, telexes, facsimiles, electronic mail, reports, transcripts or notes of telephone conversations, diaries, notebooks, minutes, notes, tests, reports, analyses, studies, testimony, speeches, worksheets, maps, charts, diagrams, computer printouts, and any other writings or documentary materials of any nature whatsoever, whether or not divulged to other parties, together with any attachments thereto and enclosures therewith. In addition, the word "document(s)" encompasses electronically stored information ("ESI") including but not limited to "email," "voice mail," "text messages," digital images and graphics, digital or analog audiotapes and files, and digital or analog videotapes and files.

The word "person(s)" includes not only natural persons, but also firms, partnerships, associations, corporations, subsidiaries, divisions, departments, joint ventures, proprietorships, syndicates, trusts, groups, and organizations; federal, state, or local governments or government agencies, offices, bureaus, departments, or entities; other legal, business or government entities;

and all subsidiaries, affiliates, divisions, departments, branches, and other units thereof or any combinations thereof.

As used herein, any reference to any "person" includes the present and former officers, executives, partners, directors, trustees, employees, attorneys, agents, representatives, and all other persons acting or purporting to act on behalf of the person and also its subsidiaries, affiliates, divisions, and predecessors and successors in interest.

The term "you" or "your" refers to Internet Escrow Services, Inc. (hereinafter "IES"), including but not limited to any Affiliated Persons and any predecessor or successor companies.

The terms "Affiliated Person" includes all employees, consultants, agents, representatives, entities, subsidiaries, parents, or other persons acting by or on your behalf.

The term "FMA, Inc." refers to Future Media Architects, Inc., a private company registered in the British Virgin Islands.

The term "FMA, LLC" refers to Future Media Architects, LLC, a domestic company registered in the United States, including, without limitation, registration in the State of Delaware.

The term "Thunayan" refers to Thunayan Khaled Alghanim.

## INSTRUCTIONS

Any document produced in response to this subpoena should be produced in full, complete, unredacted, and unedited form, together with all drafts and non-identical copies of each, and in reasonably accessible electronic form, if practicable.

Whenever the information requested is not readily available in the form requested but is available, or can more easily be made available in a different form, you may make the information in such different form, provided that the information requested is readily intelligible in such different form made available by you.

Whenever a Request calls for "documents sufficient to" provide certain information, you may at your option respond, in lieu of producing documents, by a written statement of that information verified by you or your representative.

Each Request should be construed so as to make the Request inclusive rather than exclusive. Thus, for example, in addition to the rules of construction, words importing the masculine gender may be applied to females and vice versa.

If you object to a Request, state the legal and factual basis for the objection, describe the information or documents that you propose to withhold pursuant to that objection, and fully answer all portions of the Request not objected to.

If you refuse to respond to any Request, or any subpart thereof, on the ground of privilege or attorney work product doctrine, provide the nature of the document not produced or disclosed and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim in writing at the time of you response to these Requests.

Unless otherwise specified below, the relevant time period for the following Requests is from January 1, 2013 to the present.

In accordance with Federal Rule of Civil Procedure 26(e), these Requests are to be deemed continuing in nature, so as to require further and supplemental responses as you receive or identify additional information or documents between the time of your response and the time of trial in this case. If at any time you obtain information or knowledge that the response to any of these Requests was not true and correct or was incomplete when given, you shall serve true and correct responses to those Requests within 10 days following the date upon which such information or knowledge was first obtained, but not later than the time of trial in this case.

## **DOCUMENT REQUESTS**

You are hereby requested to produce the following:

1. All unredacted transactions, including, but not limited to, incoming and outgoing transactions under the following usernames:

    a. Elequa

    b. FMA LLC

    c. FMA Inc.

    d. Thunayan

    e. Thunayan Al-Ghanim

    f. DNS-ADMIN

    g. DNSADMIN

2. All documents sufficient to identify any transacting bank(s) information, including, without limitation, the number of users on each account and incoming and outgoing wire transactions details.

3. A list or documentation showing all domain names sold, the price sold for, the buyer and seller of each domain name sold, and all brokering agent information.

4. All communications, including email communications, with and between the above listed usernames in C.1.a. – C.1.g. and DomainNameSales, elequa@gmail.com, dns-admin@fma.net, UniRegistry, Akin Gump Strauss Hauer & Feld LLP and Jeffrey Gabriel.

# EXHIBIT C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

In re *Ex Parte* Application of Shareefah Khalid Alghanim in Support of Application for an Order to Conduct Discovery for Use in Foreign Proceedings Pursuant to 28 U.S.C. § 1782,

Petitioner,

_____/

## ORDER

This case comes before the Court on the *Ex Parte* Application for an Order to Conduct Discovery for use in a Foreign Proceeding Pursuant to 28 U.S.C. § 1782, filed by Petitioner Shareefah Khalid Alghanim (the "Application"). This Court, having reviewed the Application, the Memorandum of Law in Support thereof, the Declaration of Ms. Alghanim and the exhibits thereto, and the proposed subpoena, finds that (1) the statutory requirements of 28 U.S.C. § 1782 are satisfied; and (2) the factors identified by the United States Supreme Court in *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241 (2004), weigh in favor of granting Petitioner's Application.

It is therefore ORDERED that Petitioner is granted leave to serve the subpoena attached as Exhibit B to the Application on Citibank.

IT IS SO ORDERED.

Dated: May 2, 2017.

_____
United States District Judge

*Copies furnished to:*

Counsel of Record